DOMENGEAUX, Chief Judge,
dissenting.
The arrest of Brian Spallino was made pursuant to a valid arrest warrant issued on May 15, 1987. Such an arrest is valid if the officers making the arrest had probable cause at the time of arrest to believe that the defendant had committed a crime.
Probable cause to arrest is not absolute cause. To determine its existence, courts must examine facts and circumstances within the arresting officer’s knowledge in light of the experience of reasonable people. State v. Billiot, 370 So.2d 539 (La.1979), cert. denied 444 U.S. 935, 100 S.Ct. 284, 62 L.Ed.2d 194 (1979).
The officers making the arrest had probable cause to believe defendant had committed a crime: He participated in a drug transaction to the extent that he provided information as to the quantity and price of the cocaine to be purchased by an undercover agent. Furthermore, immediately after defendant provided this information, the undercover agent’s contact proceeded to defendant’s place of business and returned with a certain amount of cocaine.
Because I believe Spallino’s arrest was valid, I see no reason to suppress the items seized during the course of that arrest. The affidavits supporting the subsequently filed arrest warrants (on charges of possession of cocaine and a concealed weapon) indicate that both items were found on Spallino’s person.
I respectfully dissent from the majority’s reversal of the trial court on defendant’s motion to suppress.